```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEBRASKA

RONALD POLIVKA,                  )
                                 )
          Plaintiff,             )        4:05CV3213
                                 )
     v.                          )
                                 )
HARTFORD LIFE GROUP INSURANCE    )        MEMORANDUM AND ORDER
COMPANY, a foreign               )
corporation, f/k/a CNA Group     )
Life Assurance Company,          )
                                 )
          Defendant.             )
```

This matter is before the court on the plaintiff's motion to compel defendant's compliance with a notice of deposition pursuant to Fed. R. Civ. P. 30(b)(6). Defendant has opposed the motion, arguing that the notice goes beyond the court's order of April 25, 2006 which allowed plaintiff to take "one deposition . . . concerning the defendant's appeal review procedure utilized in this claim." Filing 27. Since the filing of the motion, plaintiff has informed the court that he withdraws the first paragraph of the deposition notice.[1]

The allowing of discovery is unusual in an ERISA case. The court did, however, permit limited discovery in this case because there was some confusion about what was in the record of the Plan Administrator, and hence, whether the Administrator's review of plaintiff's claim on his appeal was full, fair, and supported the Administrator's decision. In that regard, the Rule 30(b)(6) deposition must be limited to: (a) the record that was reviewed

---

[1] The actual notice is not before the court. Defendant's counsel attached a "draft" notice which the parties had apparently discussed. I assume it is a copy of the actual notice.

by the Administrator in respect to the plaintiff's appeal; (b) whether that record was the same record considered by the Administrator in processing plaintiff's initial claim and the Administrator's decision to cease benefits, and if not, the reasons for any discrepancy; and (c) the procedures undertaken in the review process during the appeal, including, if applicable, any additional records considered on the appeal.

The issue before this court is whether the Administrator's decision was an abuse of discretion or arbitrary, that is, not supported by the evidence in the record or the result of irregularities in the review process. Pralutsky v. Metropolitan Life Ins. Co., 435 F.3d 833, 837 (8th Cir. 2006); McGee v. Reliance Standard Life Ins. Co., 360 F.3d 921, 924 (8th Cir. 2004). It is not for this court to determine whether the Administrator's decision was wise or the best decision that could have been made, nor whether the procedures used were the best that could be used within the law. Consequently, discovery permitted by the April 25 order must not intrude upon the respective weight given or effects of various components of the record, nor the reasons for the decision (unless documents setting out those reasons were considered as part of the record in the appeal process, and then only insofar as they show the record actually considered in the appeal), nor whether the defendant followed its own policies and procedural requirements in reaching its decision, nor the record used in determining plaintiff's initial claim (again, unless such documents were part of the records reviewed in the appeal, and then only to the extent that they show the contents of the record reviewed).

Several of the plaintiff's requests in the notice go to the "effects" of or the "weight given" to particular documents; these

requests are outside the authorized discovery.  Likewise, "policy documents and/or manuals concerning Defendant's claims review processes and the handling of same" exceeds the authority to discover what procedures were used in this plaintiff's case.

On the other hand, if plaintiff claims that relevant medical records or other documents related to his appeal were timely provided to the Administrator and not made part of the record, plaintiff may inquire as to the reasons they were not included.

IT THEREFORE HEREBY IS ORDERED,

The plaintiff's motion to compel, filing 31, is granted in part and denied in part in accordance with the parameters established in the memorandum above.

DATED this 19th day of July, 2006.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge